AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| | |
|---|---|
| United States of America<br>v.<br><br>Kristhian Omar Elias-Castro<br>*Defendant(s)* | )<br>)<br>) Case No. 25-mj-791-CDL<br>)<br>)<br>) |

FILED
SEP 22 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 19, 2025__ in the county of __Tulsa__ in the
Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 | Unlawful Reentry of a Removed Alien |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

*Rebecca Gionta*
Complainant's signature

Special Agent Rebecca Gionta, HSI
Printed name and title

Subscribed by phone
Sworn to ~~before me and signed in my presence.~~

Date: September 22, 2025

Judge's signature

City and state: Tulsa, OK

Christine D. Little United States Magistrate Judge
Printed name and title

## Affidavit in Support of an Arrest Warrant
## in the Northern District of Oklahoma

I, Rebecca Gionta, being duly sworn under oath, do hereby depose and state:

### AGENT BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI) in Tulsa, Oklahoma, and have been an HSI special agent since August of 2019. As a result of my employment as an HSI Special Agent, my duties include, but are not limited to, the investigation and enforcement of Titles 8, 18, 19, 21, and 31 of the United States Code. I am an "investigative or law enforcement officer of the United States" within the meaning defined in 18 U.S.C. § 2510(7), in that I am an agent of the United States authorized by law to investigate violations of federal laws and make arrests for violations of those laws.

2. Before I became an HSI Special Agent, I was employed as a police officer in Illinois by the Libertyville Police Department from January 2014 to April 2016, and the Lake County Sheriff's Office from April 2016 to August 2019. I graduated from the twelve-week Suburban Law Enforcement Academy in Glen Ellyn, Illinois, the twelve-week Criminal Investigator Training Program in Glynco, Georgia, and the fourteen-week Homeland Security Investigations Special Agent Training Program in Glynco, Georgia. I have been trained in basic law enforcement skills, patrol tactics, firearms, and investigations. I was certified as a Lead Homicide Investigator, Field Training Officer, Drug Recognition Expert, and Evidence

Technician while employed as a Deputy Sheriff. I have conducted criminal investigations for multiple violations of state and federal laws including, but not limited to, narcotics smuggling, weapons trafficking, and organized criminal activity.

## INTRODUCTION

3. After a subject is released to ICE on our detainer by a local police agency, investigators identify that a subject was not born in the United States, then the subjects' fingerprints and biographical information are submitted to the Integrated Automated Fingerprint Information System (IAFIS) and the Automated Biometric Identification System (IDENT). If the subject has ever been encountered by an immigration officer this search of the immigration databases will show the subject has an A-File with a corresponding A-File number.

4. An A-File or Alien-File is a file kept and maintained by United States Citizenship and Immigration Services and is the official file for all immigration and naturalization records for a particular alien. The A-File is identified by an A-File number. The A-File and A-File number are linked to the alien's fingerprints, which are unique to every individual. No two aliens have the same A-File or A-File number.

5. It is common practice for law enforcement to first obtain fingerprint results to verify an alien's identity, because in my knowledge, training, and experience, it is common for aliens to attempt to mislead law enforcement officers, state and local officials, and members of the United States Government as to their identity. This is often done through the use of false names, dates of birth, and other biographical

information. Aliens do this to avoid deportation or to gain immigration-based benefits, especially when they have an active removal order. Therefore, ICE relies solely on the individual's A-number, confirmed via fingerprint, to identify Aliens who are subject to removal.

6. Subjects that are amenable to removal are then administratively processed for either an immigration hearing or for removal. Those subjects that have been identified as being previously removed who then unlawfully returned to the United States are referred to me for further review to ascertain if the subject meets the criteria for federal prosecution.

7. The facts and statements in this affidavit are based in part on information provided by other law enforcement officers and on my personal observations and training and experience as a Special Agent with ICE. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

8. It is my belief that a male alien known as Kristhian Omar **ELIAS-CASTRO** (DOB xx-xx-1999; A Number **206 772 722**), has violated 8 U.S.C. § 1326 by illegally or unlawfully re-entering the United States after being previously removed. Specifically, on or about September 19, 2025, Immigrations and Customs Enforcement (ICE) Enforcement and Removal (ERO) Deportation Officers encountered **ELIAS-CASTRO** in Tulsa, Oklahoma, within the Northern District of Oklahoma.

## RELEVANT STATUTES

9. 8 U.S.C. § 1326 – Unlawful Reentry of Removed Aliens

   (a) In general – Subject to subsection (b), any alien who—

   (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

   (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

   shall be fined under Title 18, or imprisoned not more than 20 years, or both.

10. Accordingly, the elements of the crime committed by **ELIAS-CASTRO** are as follows:

    First:    the defendant is an alien;

    Second:   the defendant had previously been removed from the United States;

    Third:    the defendant was found in the United States having entered knowingly;

    Fourth:   the defendant had not received the consent of the proper legal authority to reapply for admission to the United States; and

    Fifth:    the defendant was found in the Northern District of Oklahoma.

## **PROBABLE CAUSE**

11. On August 11, 2025, **ELIAS-CASTRO** was arrested for a criminal offense of Burglary and Concealing Stolen Property in Tulsa, Oklahoma, and within the Northern District of Oklahoma, and booked into the Tulsa County Jail.

12. **ELIAS-CASTRO**'s fingerprints were submitted into the IAFIS and IDENT systems as part of a routine booking process, which returned records confirming that **ELIAS-CASTRO** is an alien and a Honduran national with an A-File number **206 772 722**. On August 11, 2025, Designated Immigration Officer (DIO) Lacey, determined that probable cause existed that **ELIAS-CASTRO** was removable from the United States for violations of the Immigration and Nationality Act and placed a detainer on **ELIAS-CASTRO**.

13. **ELIAS-CASTRO**'s A-File reflects that he was previously removed from the United States on one prior occasion, on June 30, 2017, from Dallas, Texas.

14. Further checks verified that **ELIAS-CASTRO** had never filed any application for permission to re-enter the United States and had never received consent from the Secretary of Homeland Security to reapply for admission to the United States. Nor does **ELIAS-CASTRO** have any pending applications at this time.

15. **ELIAS-CASTRO**'s A-File and criminal history reflect the following alias: "KRISTIAN CASTRO."

16. On September 19, 2025, **ELIAS-CASTRO** was transferred to the custody of ICE, and he currently remains in ICE custody.

## CONCLUSION

Based on the foregoing, affiant believes there is probable cause to arrest **Kristhian Omar ELIAS-CASTRO** for a violation of 8 U.S.C. § 1326, Unlawful Reentry of Removed Alien.

Respectfully submitted,

*Rebecca Gionta*

Rebecca Gionta
Special Agent
Homeland Security Investigations

Subscribed and sworn via phone on the 22nd day of September, 2025.

CHRISTINE D. LITTLE
UNITED STATES MAGISTRATE JUDGE